Brinkerhoff, C. J.
The covenant in this case sued on, was a covenant running with the land; and Weis, the last grantee, having been evicted from part of the land embraced within the successive covenants of warranty, brought several actions simultaneously against each of the successive covenantors, and recovered several judgments against each. This, it seems to be settled, he might properly do. King v. Kerr’s Adm’rs, 5 Ohio, 155; Foote v. Burnett, 10 Ohio, 317, and notes. But though he might have his several actions, either simultaneously or successively, against all his covenantors, whether immediate or mediate, yet it is equally well settled, that he could have but one satisfaction.
It seems that, for some unexplained reason, judgments in these several actions, thus simultaneously brought against the successive *482 ■covenantors, were taken for very different amounts, varying from ;about $280 to about $414. And Taylor, the first covenantor, having-paid and satisfied tho judgment against Mm, and which was among the smallest in amount, the question presented by the demurrer is, whether this satisfaction of the judgment against him is a bar to an action over against him by the plaintiff, who was an intermediate covenantee, after payment by the latter of a judgment recovered at the same time ?
The question seems to be one of first impression, and our minds are not free from difficulty in regard to it; but, *on the whole, we arc unanimously of opinion that the plea is good. As before remarked, Weis, the last covenantee, and who suffered damage by reason of partial eviction, was entitled to his several action against all the prior covenantors. Not only was his right of action perfect against all, but the same rule of damages would apply as to all; and, although he could have but one satisfaction, yet ho was clearly entitled to recovor the full amount of his damages .against each. If he failed to make the proper showing in order to recover tho full amount of his damages against each, it was his own fault; and having collected and received the amount recovered against the first covenantor, who occupied tho position in law of a .guarantor of all the subsequent grantees, it seems to us that Weis’ ■claim under all the covenants must be held satisfied; and that all ■enforcement»of the judgments against the other intermediate covenantors was wrongful, and in violation of the principle that he ■could have but one satisfaction. Taylor ought not to be subjected to different actions, and liable to several recoveries for the same breach of the same covenant.
It follows from this that the plaintiff has mistaken his remedy. Ho ought, after the satisfaction by Taylor of the.judgment against him, to have either resorted to a court of equity to restrain the collection of the judgment against himself, or, if circumstances forbade .that, to have sued to recover back the money he had paid on the judgment against him, as for money had and received by Weis -wrongfully, and which in conscience he ought not to retain.

Demurrer overruled, and, cause remanded.

,Scott, Sutliee, Peck, and G-holson, JJ., concurred.